# UNITED STATES DISTRICT COURT
## For the MIDDLE DISTRICT OF NORTH CAROLINA (MDNC)

RODNEY D. ARCHER

, Plaintiff

Vs.

- CABARRUS COUNTY COURT HOUSE
  - JUDGE CHRISTY HELM (IOC)
  - JUDGE ELIZABETH STREET (IOC)
  - JUDGE STEVEN GROSSMAN (IOC)
  - JUDGE D. BRENT CLONINGER (IOC)
  - JUDGE ANTHONY KNOX (IOC)
- NC HHS CHILD SUPPORT DIVISION
  - SONJA TILLMAN (IOC)
  - MICHELLE STAPULA (IOC)
- ATTORNEY H. JAY WHITE SR. (IOC)
- ATTORNEY BENJAMIN BAUCOM (IOC)
- ALTHEIA V. ANTHONY (Matriarch Parent)

, Defendant

Case No. **24CV 531**

Jury Trial: (check one) ☐ Yes ☐ No

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

FILED JUN 26 2024
Clerk U.S. District Court
Greensboro, NC

IOC – In Official Capacity

---

## I. The Parties to This Complaint

### A. The Plaintiff

| | |
|---|---|
| Name: | Rodney D. Archer |
| Address: | 110 E. 30th Street # 790133 |
| | Charlotte, North Carolina [28206] |
| County: | Mecklenburg |
| Telephone # | 704-804-6167 |
| Email Address: | rodney.archer7@gmail.com |

1 of 6

Case 1:24-cv-00531-WO-LPA   Document 2   Filed 06/26/24   Page 1 of 16

## B. The Defendants

**Defendant No. 1**
Name:     CABARRUS COUNTY COURTHOUSE,
           DISTRICT COURT DIVISION & JUDGE CHRISTY WILHELM
Job Title:    Chief District Court Judge
Address:     61 UNION STREET S
           CONCORD, NC 28025
County:      CABARRUS
Telephone #: 704-786-1820 Clerk of Courts
Email Address: Unknown

☑ In Official Capacity

**Defendant No. 2**
Name:     JUDGE ELIZABETH STREET
Job Title:    District Court Judge
Address:     61 UNION STREET S
           CONCORD, NC 28025
County:      CABARRUS
Telephone #: 704-786-1820 Clerk of Courts
Email Address: Unknown

☑ In Official Capacity

**Defendant No. 3**
Name:     JUDGE STEVEN GROSSMAN
Job Title:    District Court Judge
Address:     61 UNION STREET S
           CONCORD, NC 28025
County:      CABARRUS
Telephone #: 704-786-1820 Clerk of Courts
Email Address: Unknown

☑ In Official Capacity

**Defendant No. 4**
Name:     JUDGE D. BRENT CLONINGER
Job Title:    District Court Judge
Address:     61 UNION STREET S
           CONCORD, NC 28025
County:      CABARRUS
Telephone #: 704-786-1820 Clerk of Courts
Email Address: Unknown

☑ In Official Capacity

**Defendant No. 5**
Name:     JUDGE ANTHONY KNOX
Job Title:    District Court Judge
Address:     61 UNION STREET S
           CONCORD, NC 28025
County:      CABARRUS
Telephone #: 704-786-1820 Clerk of Courts
Email Address: Unknown

☑ In Official Capacity

## B. The Defendants

**Defendant No. 6**
Name: ATTORNEY H. JAY WHITE SR.
Job Title: Attorney for Cabarrus County CSE
Address: 71 McCachern Blvd., SE
Concord, NC 28025
County: CABARRUS
Telephone #: 704-920-1400
Bar No.: 3700018043

[✓] In Official Capacity

**Defendant No. 7**
Name: ATTORNEY BENJAMIN BAUCOM
Job Title: Attorney for Altheia V. Anthony
Address: 701 Carson Court
Kannapolis, NC 28083
County: CABARRUS
Telephone #: 704-786-5116
Bar No.: 22990

[ ] In Official Capacity

**Defendant No. 8**
Name: ALTHEIA V. ANTHONY
Title: Matriarch Parent
Address: 2915 ISLAND POINT DR. NW
CONCORD, NC 28027
County: CABARRUS
Telephone #: 803-553-XXXX
Email Address: axxxxxxxxx@yahoo.com

[✓] In Official Capacity

**Defendant No. 9**
Name: NC HHS, CHILD SUPPORT DIVISION &
SONJA TILLMAN AND MICHELLE STAPULA
Job Title: Agency and Agents of CSE
Address 1: 2001 MAIL SERVICE CENTER (NC HHS CSE)
RALEIGH, NC 27699-2000 and
Address 2: NC Cabarrus Co. CSE Agency
1303 South Canon Blvd
Kannapolis, NC 28083
Address 3: NC Mecklenburg County CSE
430 Stitt Road
Charlotte, NC 28213
County 1: WAKE
County 2: CABARRUS
County 3: MECKLENBURG
Telephone 1 #: 800-662-7030
Telephone 2 #: _____

[✓] In Official Capacity

## II. Basis for Jurisdiction

    A. Under 42 USC, Section 1983, this lawsuit comes against state and local officials and accomplices for the "deprivation of rights, privileges and immunities secured by the US Constitution and [federal laws]."
    B. Per section 1983, the constitutional and statutory rights being violated by the state and local officials and accomplices are as follows:

**Constitution & Federal Laws**
> 14th Amendment – Due Process & Equal Protection of Laws
> 13th Amendment – Abolishment of Slavery or Involuntary Servitude
> 5th Amendment – Double Jeopardy
> 8th Amendment – Excessive Bail Shall Not Be Required
> Contract Clause – Article 1, Section 10, Clause 1 (US Constitution)
> Supremacy Clause – Article VI, Clause 2 (US Constitution)
> Privacy Clause – Article XII, 1 – 8 (Irrevocable, Non-Statutory Trust)
> Declaration of Independence - Parenting "All men are created equal...given unalienable rights"
> Notice of Reservation of Rights as living being filed on 1-18-24 Public Notice.
> 28 USC 453 Oath of Justices & Judges, "Administer justice without respect to persons"
> 25 CFR 11.404 False Imprisonment
> 25 CFR 11.415 Fraud
> 25 CFR 11.417 Extortion
> 25 CFR 11.448 Abuse of Office

**State Laws**
> Oath of Office GS 11-7
> NC Constitution
>> Section 1 Equality and Rights of Person "Unalienable rights"
>> Section 2 "All government of rights originate from the people"
>> Section 5 "No law...of state in contravention...can have any binding force."
>> Section 6 Separation of Powers
>> Section 17 "Slavery is forever prohibited"
>> Section 18 "Right and justice shall be administered without favor, denial or delay"
>> Section 19 Law of the Land, Equal Protection of Laws
>> Section 27 "Excessive bail shall not be required, nor excessive fines imposed"
>> Section 28 "...no imprisonment for debt in this state"
> NC Child Support Guidelines per NC General Statutes Section 50-13.4
>> Income (1) Gross Income,
>>    (2) Income from Operations of a Business,
>>    (4) Income Verification
> Subject Matter Jurisdiction GS 36C-2-203
>> (a) The Clerks of Superior Court...have original jurisdiction...of Trusts
>> (a) (9) ...determine any immunity, power, privilege, duty or right.
> Notice of Transfer GS 36C-2-205
> Depositions and Discovery GS 1A-1, Rule 26 (a), (b)(1)
> Parental Bill of Rights GS 114A-10
> Civil Rights Chapter 99D-1
>> (a)(1) Two or more persons...conspire to interfere...
>> (a)(2) Two or more personas...use...repeated harassment
> Garnishment For Enforcement NC General Statutes, Chapter 110, Article 9, 110-136, 110-135.3 (Income Withholding Procedures)

4 of 6

Case 1:24-cv-00531-WO-LPA   Document 2   Filed 06/26/24   Page 4 of 16

## II. Basis for Jurisdiction

C. Here is a summary of General Complaint against the Defendants in their official capacity and accomplices. See attached page 1 also for General Complaint and General Statements, etc.

1. Purposeful denial and delay of parenting rights, though a "fit parent."
2. Disregard of private agreements, privacy and the obligation of contracts, via irrevocable Trust.
3. Violation of 14th Amendment rights per "Due Process" and Equal Protection of Laws."
4. Fraud, Abuse, Human Trafficking, Extortion, Coercion, Duress by CSE and county court system.
5. Collusion for financial harm via NC HHS, CSE division and all defendants.
6. Violation of Civil Rules of Civil Procedures, CSE Guidelines, etc. and Federal Laws.

## III. Statement of Claim

A. Both General Statements and Specific Statements regarding the Defendants involvement in the alleged wrongful actions, along with dates and locations of all relevant events. See pages 1 through 5 for General Statements and pages 6 and 7 for Specific Statements attached. Each section, i.e. General Statements and Specific Statements are numbered respectively for Defendant referencing when responding.

## IV. Injuries

A. The injuries of financial, emotional, health, etc. are listed below and on page 8 of General Complaints and General Statements. See attached.

1. Emotional Stress
2. Deteriorated Health
3. Financial Hardship, Suspension of Life Insurance License (means of livelihood)
4. Declined Contract & Work Performance
5. Deprivation of Parental Rights & Shared Time With Daughter Since Birth
6. Public Reputation Tarnished Due to Incarceration
7. Sleep Deprivation
8. Drain on Time & Limited Resources
9. Being Incarcerated for 7 Days, Missing Duties & Child Visitation
10. Threatened Fine or Jail for Contempt Multiple Times
11. Federal and State Tax Refunds Intercepted
12. Passport Denied
13. Negative Credit Reporting Due To Cases
14. Mounting Arrears Debt Balance, Theft of Future Wealth

## V. Relief

A. The Prayer for Relief is listed below stated on page 8 of General Complaint and General Statements, along with the Compensation Request for Damages and the grounds each. See attached.

1. Dismiss case #22 CVD 627, IVD# 8721516 and 06 CVD 165, IVD# 5682631 with prejudice.
2. Set aside all arrears for both cases.
3. Reinstate life insurance license.
4. Remove passport restrictions
5. Protection from all CSE punishments. Plaintiff do not wish to participate in State plan.
6. Grant legal/physical custody with no primary of child
7. Remove all negative credit reporting
8. Expunge all jail records.

# General Complaint
1. Purposeful denial and delay of parenting rights, though a fit parent.
2. Disregard of private agreements and the obligation of contracts, via Trusts.
3. Violation of 14th Amendment Rights per Due Process & Equal Protection of Laws
4. Fraud, Abuse, Human Trafficking, Extortion, Coercion, Duress by CSE and court system.
5. Collusion for financial harm via NCHHS, CSE division and all defendants.
6. Violation of Civil Rules of Civil Procedures, CSE Guidelines, etc. and Federal Laws

| Defendants | General Statement |
|---|---|
| Altheia Anthony<br>CSE Attorney H. Jay White, Judge Steven Grossman | **Statement #1 FRAUD, no Due Process and Equal Protection of Laws**<br>1. "Gross Income" was not used for Ms. Anthony from beginning of Cabarrus County CSE case in April 2022. An online figure was used for 8/22/2022 and 7/31/2023 calculations. A Discovery was requested and served around 9/8/2023 by Plaintiff for Ms. Anthony to include paystubs. Additional details regarding W-2's, bank statements, tax filings and daycare re-imbursement program was requested 11/1/2023. No full discovery was completed, nor considered in Worksheet A calculations. Therefore, the base pay of a seasoned employee, with tenant income, bonuses, etc. wasn't used in both modification hearings, before dismissals 11/20/2023 and 2/5/2024 from Judge Grossman. CSE Attorney led questioning of Ms. Anthony with online salary used of $9,023 per month and Ms. Anthony agreed under oath 7/31/2023.<br>2. "Gross Income" was not used for Plaintiff, even after submitting personal tax filings from 2022 to 2014. 5/17/22 and 7/17/23 were cover letters sent to Attorney White reflecting such info being submitted. Not satisfied, Attorney White coerced and threatened jail and imputing of income if Plaintiff did not produce business tax filings for 2022 (though private). After Trustee approval, and presenting business tax filings of 2022, the gross income of businesses (though S-Corps and C-Corps owned by Trusts and run by other interest holders) was used as imputed income. The business and operating expenses were not subtracted. The imputed income was suggested by CSE Attorney White to Judge Grossman who used $72K a year. This inflated income from $1850 per month used in temporary court order to $6,000 per month. CSE Attorney White had also had CSE Agent prepare worksheet A calculations based on $84K and $125K four days prior to the 7/31/23 hearing. In Modification and permanent order signed on 10/30/2023, Judge Grossman said Plaintiff had the ability to earn $125K, which contradicted the worksheet calculation based on $6K per month and statement made on 7/31/2023, stating he could not use $125K per month, because Plaintiff was not a certified, licensed financial planner.<br>Summary: Suppressed Income of Mother and Imputed Income of Father |
| CSE Attorney H. Jay White, Judge Steven Grossman<br>CSE Agent | **Statement #2 ABUSE, disregard of Civil Rules of Civil Procedures**<br>1. On 8/14/2023, the Plaintiff received a copy of an IWO (Income Withholding Order) for garnishment from an alleged insurance company worked for. There was no active court order for $1432 per month, as it wasn't signed until 10/30/2023. There was no qualifying event prior to IWO order, thus no delinquency of payment. There was no court hearing specifically for garnishment, no judgement, no court order, no judges signature on IWO form, only the CSE Agents. There was no separation of administration and judicial power. I repeat THERE WAS NO ACTIVE, SIGNED COURT ORDER when IWO was initiated. |

1

| Defendants | General Statement |
|---|---|
| Altheia Anthony | **Statement #3 COLLUSSION for Financial Harm**<br>1. On the dates of 7/18/23, 8/10/23, 8/22/23, 10/24/23, 11/5/23, 11/10/23, 12/22/23, 1/5/24, 2/16/24, 3/11/24, 3/17/24, 3/20/24, 4/1/24, 5/16/24, 5/25/24, 5/31/24 and 6/2/24 the Plaintiff pleaded with Altheia via text to drop the court hearings of child support and child custody and to deal with their child affairs privately. It was requested, that the Plaintiff would share parenting 50/50 and take care of child financially, etc. on his side and she would do the same on her side. The $300 per month temporary order was being paid from October 2022 and March to August 2023 out of coercion and duress. She requested for Child Support Enforcement (CSE) to go after more money from the Plaintiff in March 2023. When the amount ballooned to $1432 on 7/31/2023, the Plaintiff pleaded with Altheia that the amount wasn't accurate, realistic or affordable on 11/10/23 and 12/22/23.. Altheia said nothing, "tacit acquiescence". She has caused harassment from the court, coercion, incarceration, duress, time away from contractual duties, missed visits with daughter, gas driving back and forth to Cabarrus County around 60 miles over 50 times in 2 years plus. The only concern and interest has been collecting child support which will be presented via 8/22/23, 10/21/23, 12/13/23, 12/22/23, 12/29/23, 1/5/24, 2/3/24 and 5/31/24. |
| NC Health & Human Services,<br>CSE Attorney H. Jay White, Judge<br>Anthony Knox, Judge Elizabeth<br>Street, Judge Christy Wilhelm | **Statement #4 COLLUSSION for Financial Harm**<br>1. A Mecklenburg County Case (MCC) was active since 2012. There was a 1-week suspension in 2019 of life insurance license due to child support non-compliance. There was a remedy and it was quickly reinstated. After payments started for Cabarrus County Case (CCC) in October 2022, a portion of payments went to CCC and the other to MCC. The Plaintiff was not aware how payments were being split between the two cases. Of the $300 being paid monthly, $55 was going to MCC, however not consistently. It was based on NCHHS, CSE centralized system. After July 31, 2023 ruling, the $300 paid in August 2023 to CCC could not satisfy both cases, therefore MCC payments was non-compliant, therefore the insurance license (active since 2006) which served the hierarchy and an income stream of business structure (under the Trust) was discontinued, causing a financial hardship for entity and Plaintiff's living expense agreement with Trust. There was no remedy to avoid suspension, outside of paying $5200 in full, which the Plaintiff did not have. An attempt to file a court hearing from a judge on 8/23/23 to avoid suspension could not be heard. The license suspension happened on 9/6/2023. There was an appeal to Julie Cronin, Director of NC HHS, CSE on 11/15/23 with no response. There was a request for hearing with the Office of Administrative Hearings due April 2024 and there ended up being a Summary Judgment justifying the passport denial and federal/state tax refund intercepts, etc. The matter of the suspended license was not addressed, nor heard in court. The insurance suspension has not been reinstated since September 2023. It is believed that Attorney White was behind the aggressive activity from NCHHS, CSE as payments were being made and was never such an adamant issue before. As of June 19, 2024, it is determined that all support orders were invalid from the beginning, in 2012 up to present, due to lack of Due Process. More will be revealed during Discovery prior to trial.<br>2. Show Cause requests have been served even though Child Support Enforcement Guidelines have not been followed. Temporary Order was challenged on 3/6/23, however Judge Knox ordered a Contempt of Court, with a 29-day (March 6, 2023 to April 3, 2023) sentence in jail if not paying purge of $655. |

2

| Defendants | General Statement |
|---|---|
| NC Health & Human Services, CSE Attorney H. Jay White, Judge Anthony Knox, Judge Elizabeth Street, Judge Christy Wilhelm | **Statement #4 COLLUSION for Financial Harm (continued)**<br>• According to NCGS 5A-12, fine is to not exceed $500 whether direct or indirect contempt, why was the $655 purge ordered from Judge Knox and $3,000 purge ordered from Judge Street? No one can be imprisoned for debt in North Carolina per state constitution. Excessive fines and fees were prohibited from US DOJ April 2023. If fees cannot be paid, that is forced time in jail. 29 days in jail would have caused financial hardship of the business under Trust, personal financial hardship and the loss of time with his child. Plaintiff at age 58 has never been in trouble with the law.<br>• Criminal Contempt of Court was ordered by Judge Elizabeth Street on March 4, 2024, 7-day incarceration or $3,000 purge. CSE ordered Show Cause hearing August 12, 2024 for which Plaintiff is a target for mistreatment. Court and CSE procedural errors to date have not been corrected. Plaintiff declares there is no fair trial at the Cabarrus County Court House, District Court Division. There is extortion from an invalid court order (due to lack of Due Process) being enforced. |
| Judge Elizabeth Street | **Statement #5 COLLUSSION for Financial Harm**<br>1. On 6/14/23, there was an Order of Contempt filed and signed by Judge Street for failure to respond to the discovery served on the Plaintiff. Despite providing tax filings and 1099's from 2022 to 2014 (and to 2018), the information was not sufficient. And despite Privacy agreements with the Trust, it was stated that failure to respond has been willful and without legal justification. On March 4, 2024, knowingly or unknowingly, Judge Street tarnished the reputation of the Plaintiff when sentencing him to county jail for 7 days or a $3,000 bail. He has had a stellar reputation in the community for educating and empowering people regarding their finances. When googling his profile, the stain of being jailed for child support shows up, therefore diminishing trust regarding his message and services provided. This has hurt business and product sales. She disregarded Special Appearance and the challenge of the courts' jurisdiction over Trust matters at March 4, 2024 hearing. Under Special Appearance, Plaintiff appeared as a living being, not a legal fiction and his constitutional and human rights was violated. She stated the plaintiff was being uncooperative because he didn't go behind the witness stand for Show Cause. Several motions to modify were filed because "person" could not pay unrealistic amount. She threatened a gag order of future filings. |
| CSE Attorney H. Jay White Sr., Judge Steven Grossman, Judge Elizabeth Street | **Statement #6 VIOLATION of Federal and State Laws**<br>1. From the beginning in response to the summons from April/May 2022, it was mentioned that all income, assets and property belong to a Trust and a UCC filing and Secured Party agreement was in place. Certain information was private and protected. Nevertheless, harassment, coercion and duress occurred requesting business tax filings, then ultimately business and Trust bank statements, even after providing 2022 to 2014 personal tax filings and 2022 business tax filings. The privacy agreement, article 12 of the Trust constitution was shown and provided to the Attorney White, yet he insisted on more docs, even though the Plaintiff request of discovery of Ms. Anthony was not honored. Court appointed attorney Heather Mobley was provided based on a show cause. She appeared on 12/22/23, 1/22/24 and 2/5/24. She typed up all of the information Judge Steven Grossman and Attorney White was asking for in violation of Trust privacy agreements. It was typed up as a court order signed by the judge and served from Attorney White. The court appointed attorney was dismissed on 2/16/24 by the Plaintiff prior to the hearing on March 4th. |

3

| Defendants | General Statement |
|---|---|
| CSE Attorney H. Jay White Sr., Judge Steven Grossman, Judge Elizabeth Street | **Statement #6 VIOLATION of Federal and State Laws (continued)**<br>1. Furthermore, because of a Secured Party agreement, rights and benefits of income, insurance license, etc. all belong to the Trust and the Trust has first lienholder privileges of labor and intellect. All acts against the Plaintiff were/are direct acts against a federally protected entity. Once finding out that proceeding involving a Trust belong in the Superior Court for proper subject-matter jurisdiction, the motion for stay and transfer was denied by Judge Street on March 4, 2024. She denied dismissal of the case. She disregarded Special Appearance notice filed beforehand, though Plaintiff stated several times he was not there under General Appearance, nor was he there to testify behind witness stand. He was only present to challenge jurisdiction and errors of the court. Her criminal contempt of court order against Plaintiff violated his state civil rights to contest jurisdiction and violated contractual agreement of the Trust and Substantive Law. |
| Altheia Anthony, Judge D. Brent Cloninger, Attorney Benjamin Baucom, Judge Christy Wilhelm | **Statement # 7 DEPRIVATION of Parental Rights**<br>1. For 2.5 years, Ms. Anthony, Attorney Baucom, Judge Wilhelm and Judge Cloninger has continued, the child custody case from one date to the other. There has been 10 appearances in court or mediation and only two hearings, January 2022 and February 2023. Because Ms. Anthony did not allow alone time or overnights of the child with Plaintiff from birth X/XX/2019, he was put on a progression plan of supervised visits January 2022, which lasted 13 months without consent. From February 2023, unsupervised visits of 4 hours Saturday and Sunday every other week was to be reviewed in 4 months later, for more time via June 2023. That did not happen. The case was continued off calendar by the time the Plaintiff entered the court room 12 minutes later (from having to take his cell phone back to the car, because new courthouse did not have cell phone lockers like before). On October 24, 2023, there was supposed to be a hearing, and Attorney Baucom was supposedly at another court hearing and was 2 hours late. The case was continued until January 9th (which was rescheduled due to bad weather). Request for modification of visitation for November 8th, 2023 hearing was waived off due to mediation commanded by Judge Cloninger. During mediation in November 2023, Ms. Anthony did not allow any more time for Plaintiff to spend with child. He has been denied proper time with his daughter since February 2023 and the next custody hearing is not until July 2024 where a trap is laid based on a frivolous Motion for Contempt filed by parent and Attorney Baucom October 2023 to block parenting rights. The court purposely delayed custody resolve 2 years plus, while on the child support side, have harassed the Plaintiff via court appearance over 30 times in the same time period. It was made clear, that Plaintiff desired 50/50 custody with child from the beginning. He has learned that by meeting 3 criteria of 1) Claiming paternity, 2) Having a relationship with child and 3) Being a fit parent (thus stable, able and no threat), he should have had full parental rights granted as soon as January 2022. The Plaintiff will invoke full parental rights as soon as possible. |
| Altheia Anthony | **Statement #8 DEPRIVATION of Parental Rights**<br>1. Parental alienation and harassment has been demonstrated by Ms. Anthony regarding made up stories regarding the child safety or her Contempt of Court complaint 10/2/2023 about not receiving specific location notices per every stop enroute to and from intended destination for unsupervised 4-hour visits, though having a GPS smart watch on the child and being text frequented |

4

| Defendants | General Statement |
|---|---|
| Altheia Anthony | **Statement #8 DEPRIVATION of Parental Rights (continued)**<br>1. ... location before visit with child. Ms. Anthony has purposely provided distracting back-grounds, loud music or entertainment devices, placed camera to ceiling or door to disrupt uninterrupted time between Plaintiff and daughter. She has not corrected inappropriate child behavior when child does not say hi or bye or when closing the zoom abruptly. The zoom dates where comments were made regarding lack of quality via text are 3/20/23, 3/26/23, 3/29/23, 4/9/23, 5/6/23 5/8/23, 8/10/23, 9/11/23, 10/6/23 10/19/23 10/24/23 11/1/23, 11/30/23, 12/29/23 1/3/24, 1/4/24, 1/26/24, 2/1/24, 2/26/24, 2/22/24, 3/27/24, 4/2/24, 4/11/24, 4/24/24, 4/29/24 and 5/2/24. The child acts perfectly fine when with Plaintiff for zooms, saying hi and bye to those introduced to the child from Plaintiff's family or community. A show cause and contempt of court order complaint was filed 1/19/24 and is pending July's hearing against Ms. Anthony. Ms. Anthony has said several times in front of C_____, to the Plaintiff that "she doesn't want to talk to you." This has occurred on 1-4-24, 4/2/24, 4/24/24, 5/2/24 dates over the zooms or in person at live visits.<br>2. There has been accommodations for schedule changes for Altheia. On the other hand, the requested changes for the Plaintiff are met with a "take or leave it attitude", changing the court ordered 2-6pm to as early as 8:00am with no flexibility. On 5/26/2023, the Plaintiff stated he could take C_____ to her weekly speech sessions. There was no response. The Plaintiff asked for time with C_____ on Thanksgiving 2023 (10/24/23). The answer was, "let's just follow court order." On 11/5/23 and 3/17/24, The Plaintiff texted that C_____ was alluding to needing more time with him. There was no response. There has been discouragement regarding visiting C_____ at her school per 12/8/23, 12/13/23, 3/20/24 and 6/8/2024. There has been two mediation impasses, as Ms. Anthony resists joint custody and the Plaintiff having more 8 hours total every other weekend with the child. The dates are 6/7/22 and 11/28/23. |
| NC Health & Human Services, Attorney H. Jay White, Judge Steven Grossman, Judge Elizabeth Street, Altheia Anthony, Judge D. Brent Cloninger, Attorney Benjamin Baucom | **Statement #9 CAUSING STRESS related Health Problems**<br>1. For the last 2 years, there has been bleeding ulcer occurrences happening April 23 to April 26, 2023 and this year, from April 21st to April 24th. In 2023, the symptom was a loss of blood, low blood pressure and fainting for 20 minutes. The bleeding ulcer had to be identified and surgery occurred. In 2024, there was blood loss, lack of energy and pain which was again identified as a bleeding ulcer; and had to be repaired. The doctors performed a biopsy to determine if the ulcers were caused by a bacteria called Helicobacter Pylori. There was no signs of such a bacteria attacking the lining of the stomach. Of all reasons for ulcer risk including taking Motrin or aspirin or other OTC drugs, stress is the only one applicable to the Plaintiff's situation.<br>2. Personal performance has gone down. The bills for the business and personal have been behind for several months. Monies have been borrowed to learn a new skillset which has been challenging since the suspension of insurance license September 2023. Spending 7 days in jail, 3 days in the hospital, appearing over 30 times and traveling over 50 times back and forth 60 miles from Charlotte to Concord, NC to Cabarrus County Courthouse, trying to learn law and courtroom procedures to defend self as a Pro Se' and having to file a federal lawsuit to seek justice, has all had a tremendous toll on stress levels and health. At age 58, Plaintiff has only wanted to enjoy joint custody of his five-year old daughter. |

5

| Defendants | Specific Statement |
|---|---|
| Altheia Anthony (Mother of Child) | **Statement #1**<br>➢ Cause of Parental Alienation and CSE Harassment,<br>➢ Deprivation of Parental Rights<br>➢ Collusion for Financial Harm |
| Sonya Tillman (CSE Agent) | **Statement #2**<br>➢ Signature was placed on IWO form without active court order to back withholding request on 8/11/2023. Order signed 10/30/2023.<br>➢ Collusion for Financial Harm via Compels and Show Cause. |
| Michelle Stapula (CSE Agent) | **Statement #3**<br>➢ Did not get actual discovery of Ms. Anthony. Used online figure vs. actual paystubs of MS. Anthony.<br>➢ Prepared $84K and $125K worksheets 4 days prior to 7/31/2024 to impute income on the Plaintiff.<br>➢ Collusion for Financial Harm |
| H. Jay White Sr. (CSE Attorney) | **Statement #4**<br>➢ Mastermind of unlawful and illegal acts.<br>➢ Influencer of all CSE Agents, court appointed attorney, District Court Judges (including Chief District Court Judge Christy Wilhelm), Mecklenburg and Cabarrus County CSE agencies.<br>➢ Responsible for fraud, coercion, duress, imputing of income, misrepresentation of facts, collusion and willful intent to cause financial harm, threat of jail |
| Steven Grossman in Official Capacity (District Court Judge) | **Statement #5**<br>➢ Imputed income based on gross income of business tax filings of 2022. Did not subtract operational and business expenses. Claimed imputed income was based on ability to earn $125K.<br>➢ Dismissed modification request twice. Did not honor discovery request of Plaintiff on Ms. Anthony twice.<br>➢ Violated Trust privacy agreement, requesting business bank and Trust statements to be shared publicly with CSE.<br>➢ Ruling on a matter with no subject-matter jurisdiction. |
| Elizabeth Street in Official Capacity (District Court Judge) | **Statement #6**<br>On March 4, 2024, all the items below occurred:<br>➢ Facilitator of debt slavery and human trafficking under color of law sentencing 7 days or $3K purge (excessive fine) under criminal contempt.<br>➢ Disregarded "Special Appearance" challenge of jurisdiction.<br>➢ Dismissed transfer request, due to Trust.<br>➢ Dismissed motion to dismiss case<br>➢ Dismissed stay of case<br>➢ Collusion to cause financial harm. Jail record tarnished public reputation of Plaintiff in financial services industry.<br>➢ Ruling on a matter with no subject-matter jurisdiction.<br>➢ Threatened a gag order to cease Plaintiff's filings on 3-4-2024. |

6

| Defendants | Specific Statement |
|---|---|
| Cabarrus County Courthouse, District Court Division & Chief District Judge Christy Wilhelm | **Statement #7**<br>➤ Support of unlawful and illegal acts of Attorney White and judges.<br>➤ Support of intentional delay of custody hearings and resolve of custody matters while being aggressive on child support matters.<br>➤ Responsible for human trafficking and debt slavery under COL.<br>➤ Support rulings on a matter with no subject-matter jurisdiction and personal jurisdiction authority. |
| Christy Wilhelm in Official Capacity (District Court Judge) | **Statement #8**<br>➤ Intercepted Superior Court Motion To Transfer file on April 2, 2024.<br>➤ Denied dismissal of case at hearing, June 10, 2024.<br>➤ Denied modification of the case at hearing, June 10, 2024.<br>➤ Denied stay and transfer of the case to a proper jurisdiction, per request of transfer per civil procedure rights GS 36C-2-205 (gl) at hearing, June 10, 2024. |
| NC Health & Human Services (Cabarrus County & Mecklenburg County) CSE Organizations | **Statement #9**<br>➤ Responsible for suspension of Plaintiff's insurance license with no hearing or remedy for reinstatement.<br>➤ CSE Punishments are against Secured Party Agreements.<br>➤ Bills and escalating debt from both IV-D cases mailed to Plaintiff.<br>➤ Have disregarded Cease and Desist requests, last mailed USPS with Notice and Declaration of Rights Reserved on 6-21-2024. |
| D. Brent Cloninger in Official Capacity (District Court Judge) | **Statement #10**<br>➤ Responsible for intentional delay of custody hearings over 2 years. Deprivation of parental rights and parental alienation collaborator.<br>➤ Restricted unalienable rights of Plaintiff of joint legal and physical custody of child. Plaintiff was found to be a "Fit Parent" 2-28-23. |
| Anthony Knox in Official Capacity (District Court Judge) | **Statement #11**<br>➤ Ordered a 29-day sentence with a $655 purge (excessive fine), enforcing an invalid court order and court lacking jurisdiction. |

**Summary Statement and Declaration:** The Plaintiff is a sentient living being Rodney D. Archer protected under the Declaration of Independence, Bill of Rights and the Constitution of the United States, a free inhabitant bound by the law of the land (Common Law) and claimant of the American Republic, the De Jure government under God for which this nation, the United States of America was founded.

The Plaintiff is not subject to the Defacto government who rule the legal fiction created, the ENS LEGIS, RODNEY D. ARCHER without consent from the representative live agent. The Plaintiff, thus the living being does not give permission or personal jurisdiction to the county district courts and state schemes, nor wish to participate in any state plan. All payments done previously was done from deception and coercion and become grounds for fines and penalties of all defendants in this suit.

The Plaintiff declares and reserves all rights from January 2012, forward, without recourse UCC 3-415b.

Sincerely,

*Rodney D. Archer* (signature)

Rodney D. Archer

7

| Defendants | Injury To Plaintiff |
|---|---|
| Cabarrus County Courthouse<br>➤ Chief District Judge Christy Wilhelm (IOC)<br>➤ District Court Judge Elizabeth Street (IOC)<br>➤ District Court Judge Steven Grossman (IOC)<br>➤ District Court Judge D. Brent Cloninger (IOC)<br>➤ District Court Judge Michael Knox (IOC)<br>NC Health & Human Services, CSE<br>➤ Sonya Tillman (IOC)<br>➤ Michelle Stapula (IOC)<br>Attorney H. Jay White Sr. (IOC)<br>Attorney Benjamin Baucom (IOC)<br>Altheia V. Anthony | ➤ Emotional Stress<br>➤ Deteriorated Health<br>➤ Financial Hardship, Suspension of Insurance License<br>➤ Declined Contract &Work Performance<br>➤ Deprivation of Parental Rights & Shared Time<br>➤ Public Reputation Tarnished<br>➤ Sleep Deprivation<br>➤ Drain on Time & Resources<br>➤ Being Incarcerated for 7 Days, Missing Duties & Child Visitation<br>➤ Threatened fine or jail multiple times, even July and August 2024 hearings.<br>➤ Passport restriction<br>➤ Federal and State Tax refund intercepted<br>➤ Negative credit reporting due to cases<br>➤ Mounting arrears debt balance and theft of future wealth |

## Prayer For Relief

1. Dismiss case # 22 CVD 627, IVD# 8721516 and 06 CVD 165, IVD # 5682631 with prejudice.
2. Set aside all arrears for both cases
3. Reinstate life insurance license
4. Remove passport restrictions
5. Protection from all CSE remedies
6. Grant legal/physical joint custody with no primary of child
7. Remove all negative credit reporting
8. Expunge all jail records

8

| Grounds for Damage Compensation | | |
|---|---|---|
| | 18 USC 241 | ➤ Conspiracy Against Rights- shall be fined or up to 10 years in prison |
| | 18 USC 242 | ➤ Operating under Color of Law – shall be fined and imprisoned |
| | 18 USC 245 | ➤ Interference w/US benefits – shall be fined and imprisoned |
| | 18 USC 1581 | ➤ Peonage (Debt Slavery) - $500K, up to 20 years in prison |
| | 18USC 1584 | ➤ Involuntary Servitude $500K, up to 20 years in prison |
| | 15 USC 1593A | ➤ Benefitting financially from peonage and slavery – shall be fined or imprisoned |
| | 42 USC 1985(3) | ➤ Conspiracy to interfere with Civil Rights - grounds for recovery of damages. |

| Compensation Request For Damages | Defendant | Grounds |
|---|---|---|
| $50K Punitive Damages and jail consideration. | Altheia V. Anthony | ➤ Parental Alienation<br>➤ Deprivation of Parental Rights<br>➤ Collusion To Do Financial Harm |
| $25K Compensatory Damages<br>$25K Punitive Damages and jail consideration. | H. Jay White in Official CSE Attorney Capacity | ➤ Coercion, Duress, Fraud, Cause of Stress<br>➤ Collusion To Do Financial Harm<br>➤ Violations of Federal and State Laws |
| $100K Compensatory Damages | Cabarrus County Courthouse<br>➤ Judge Christy Wilhelm (In Official Capacity)<br>➤ Judge Ellizabeth Street (In Official Capacity)<br>➤ Judge D. Brent Cloninger (In Official Capacity)<br>➤ Judge Steven Grossman (In Official Capacity)<br>➤ Judge Michael Knox (In Official Capacity) | ➤ Support of Unlawful and Illegal Acts<br>➤ Parental Alienation<br>➤ Coercion, Duress, Cause of Stress, Extortion<br>➤ Violation of Due Process & Equal Protection of Laws<br>➤ Collusion for Human Trafficking, Involuntary Servitude<br>➤ Lacking Subject-Matter Authority.<br>➤ Interference With Fair Trial |
| $50K Compensatory Damages | NC Health & Human Services, CSE Division<br>➤ Michelle Stapula<br>➤ Sonya Tillman | ➤ Collusion for Financial Harm<br>➤ Violation of Due Process & Equal Protection of Laws |
| $10K Compensatory Damages | Benjamin Baucom (In Official Capacity) Attorney for Altheia Anthony Capacity | ➤ Collusion for Parental Alienation and Deprivation of Parental Rights<br>➤ Collusion To Do Financial Harm |
| $260K Total Damages | | |

9

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without An Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6-24-24

Signature of Plaintiff: *Rodney D. Archer*
Printed Name of Plaintiff: Rodney D. Archer

## CERTIFICATE OF FILING & FORTHCOMING SERVICE

I, Rodney D. Archer (Defendant) do hereby certify that service of a copy of the **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** filed with US District Court and will be served on all Defendants listed via USPS first class mail or other appropriate method or otherwise noted.

Altheia V. Anthony
2915 Island Point Drive NW
Concord, NC 28027

Jay White
Attorney for Cabarrus County Dept. Of Human Services
NC Bar No.: 3700018043
PO Box 368
Concord, NC 28026

Janelle Varley
Assistant Attorney General NC Department of Justice
Attorney Representative for NC Health & Human Services, CSE Division
Jvarley@ncdoj.gov (via email)

Christy Wilhelm, Steven Grossman, Elizabeth Street, D. Brent Cloninger, Anthony Knox
District Court Judges @ Cabarrus County Court House
61 Union Street S
Concord, NC 28025

NC Health & Human Services, CSE Division
2001 Mail Station
Raleigh, NC 27699-2000

Sonya Tillman and Michelle Stapula
CSE Agents for Cabarrus County CSE
1303 S. Cannon Blvd.
Kannapolis, NC 28083

Benjamin Baucom
Bar No. 22990
Attorney for Altheia V. Anthony
49 Union Street North
Concord, NC 28025

This the 24th day of June, 2024

**Rodney D. Archer**
110 E. 30th Street, #790133
Charlotte, North Carolina 28206
rodney.archer7@gmail.com
704-804-6167